18-1374-bk
In Re: Ocean Rig UDW, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
           RICHARD C. WESLEY,
           RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.
----------------------------------------------------------------
IN RE: OCEAN RIG UDW INC.,

              *Debtor*.
----------------------------------------------------------------

TALLY MINDY WIENER,

*Appellant,*

v.                                                      No. 18-1374-bk

OCEAN RIG UDW INC., IRAKLIS
SBAROUNIS, DRILL RIGS
HOLDINGS INC., DRILLSHIPS
FINANCING HOLDING INC.,
DRILLSHIPS OCEAN VENTURES
INC.,

*Debtors-Appellees,*

SIMON APPELL, Foreign
Representative, ELEANOR FISHER,
Foreign Representative,

*Debtors.*

--------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | TALLY MINDY WIENER, *pro se*, New York, NY. |
| FOR APPELLEE: | DANIEL A. RUBENS, Orrick, Herrington & Sutcliffe LLP, New York, NY (Evan C. Hollander, Emmanuel Fua, Orrick, Herrington & Sutcliffe LLP, New York, NY, Kelsi B. Corkran, Orrick, Herrington & Sutcliffe LLP, Washington, DC, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tally Mindy Wiener, an attorney appearing <u>pro se</u>, appeals the dismissal by the District Court (Koeltl, <u>J.</u>) of her appeal of orders from the Bankruptcy Court for the Southern District of New York (Glenn, <u>U.S.B.J.</u>) recognizing the Cayman Islands–based reorganization of Ocean Rig UDW Inc. (UDW) and three of its subsidiaries (together with UDW, the Debtors) and providing related relief. We assume the parties' familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Bankruptcy Court recognized the Debtors' Cayman Islands–based reorganization as a foreign main proceeding under Chapter 15 of the Bankruptcy Code. Supp. App'x 618–52. In a separate order, the District Court granted related relief, including an automatic stay of all proceedings against the Debtors in the United States. <u>Id.</u> at 653–58; <u>see</u> 11 U.S.C. §§ 362, 1517, 1519–1521. Wiener, a purported shareholder of UDW, appealed to the District Court, which

3

dismissed her appeal for lack of appellate standing and due to equitable mootness. Wiener challenges both holdings on appeal.

"To have standing to appeal from a bankruptcy court ruling in this Circuit, an appellant must be an 'aggrieved person,' a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court. . . . The stringency of our rule is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters." In re Gucci, 126 F.3d 380, 388 (2d Cir. 1997) (quotation marks omitted). "This test is stricter than Article III's injury in fact test." In re Barnet, 737 F.3d 238, 242 (2d Cir. 2013) (quotation marks omitted).

Wiener argues that "[s]he is a shareholder aggrieved by injunctions to which she is subject, to which she remains subject because they are ongoing in the U.S." That Wiener is subject to these injunctions does not, without more, make her an "aggrieved person." See Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.), 843 F.2d 636, 642 (2d Cir. 1988) ("[I]f appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought

4

by the myriad of parties who are indirectly affected by every bankruptcy court order."). Instead, Wiener must demonstrate that her pecuniary interests were directly and adversely affected by the injunctive relief. See In re Gucci, 126 F.3d at 388. Wiener has not pursued any action against UDW that has been stayed because of the injunctive relief, and her brief does not identify any action that she plans to pursue. Wiener has also failed to identify any other way her pecuniary interests have been directly and adversely affected by the challenged orders. Under the Cayman Islands Companies Law, the property of a company that is "winding up" "shall be applied in satisfaction of its liabilities pari passu and subject thereto shall be distributed amongst the members according to their rights and interests in the company." See Supp. App'x 385 (quoting Cayman Islands Companies Law § 140(1)). Here, the District Court found that "as of the [D]ebtors' initiation of the Cayman Proceedings, UDW was insolvent." In re Ocean Rig UDW Inc., 585 B.R. 31, 36 (S.D.N.Y. 2018). Wiener does not argue that the District Court's finding of insolvency was in error; nor does she show that, as a shareholder, she has a pecuniary interest in the reorganization of the insolvent Cayman Islands corporation.

5

Wiener argues that our decision in <u>Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)</u>, 714 F.3d 127 (2d Cir. 2013), demonstrates that she is an aggrieved person. But <u>In re Fairfield</u> did not discuss appellate standing, and the injunctive relief entered in <u>In re Fairfield</u> prevented the appellant from pursuing a specific action it had already instituted. <u>Id.</u> at 130–31; <u>see</u> <u>In re Barnet</u>, 737 F.3d at 243.

We therefore conclude that the District Court correctly dismissed Wiener's appeal for lack of appellate standing. We have considered Wiener's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court